McBRIDE, -Judge.
Jerry Anthony Whitfield is the. plaintiff in this suit which is brought against Sell-mirl J. Windolph, Mrs. Hettie Ruth Burge, widow of LeRoy Harley,-. Ohio Casualty Insurance Company, and Pacific,Indemnity Company for damages for physical injuries sustained whilst plaintiff was riding as a passenger in the Windolph automobile in the accident which happened at Slidell .on July 5, 1953, which was the subject matter in the case of Futrell v. Pacific Indemnity Company, an opinion and decree in which was handed down by us this day. 79 So.2d 903.
Whitfield sued for $225,000 for his personal injuries and recovered 25000/47675 of $10,000 or $5,243.84 against Pacific Indemnity Company which is the insurer of the Harley automobile; the suit was dismissed as to the other three defendants.
Pacific Indemnity Company appealed from the judgment insofar as it runs in favor of plaintiff and also insofar as it dismisses' plaintiff’s suit against Ohio Casuálty Insurance Company. Whitfield has also appealed from the judgment.
Pacific Indemnity Company is liable for plaintiff’s damages and the only question in the case is the quantum. Whitfield is a young man 24 years of age and prior to the accident it was shown that he was normal, healthy and active. The nature of his injuries is best summed up by Dr. G. C. Bat-talora in his written statement, thus:
“This man has had a very serious type of fracture involving the lower end of the left femur, extending into *916 the knee joint. Uniop has occurred in satisfactory-position,, but the point that. will most probably cause trouble is that there is some disalignment between the condyles of the femur Under the patella. This will cause some irritation on knee movement and will result' in some arthrosis. . As it is, he now shows some crepitation in the knee on motion and a popping sensation. This man can do light work, such as bench work, but I do not believe it would be wise for him to return to work requiring a lot of climbing. This could certainly increase the possibility of the left knee going bad. From a percentage standpoint, I would estimate that he has a loss of use of the left leg which will approximately be 30% of partial'permanent. As it, is, he has less than this disability now, but it'undoubtedly will increase to this point and possibly further so that I have made the estimate of 30% as an average.”
There is no question thát the injuries were serious and that when Whitfield was brought, to the hospital he was in considerable shock. He also suffered excruciating pain and mental anguish. It was shown that he remained in traction until August 5, 1953, or for a period of one month, after which a plaster of paris cast was applied to his injured limb and he was allowed to walk with the aid of crutches without weight bearing and discharged from the hospital on August 10, 1953. Whitfield was readmitted to Touro Infirmary on September 21 and the cast was removed from his leg and he was outfitted with a long leg brace. He was discharged from the hospital on September 27, 1953. It is necessary for plaintiff to have elevation of the left shoe in order to equalize the length of the left leg with the other. The leg brace has since been discarded.
Because of this deformity Whitfield stated he had to.leave a job at which he earned $4,320 per year and at the time of the trial he claims that he had lost a total of one year’s wages. He was employed by the Kaiser Aluminum Company operating a crane, a crusher, and pots in the plant, and checking voltage.
We do not believe that the shortness of the left leg as compared with his right leg will incapacitate the plaintiff from doing work of a reasonable character. True, his present condition might' inhibit him from working with Kaiser Aluminum Company at his old job, but we are not satisfied that he could not obtain and 'keep a job elsewhere. At the time of the trial he was living with his family and he stated that he planned to start to college in September 1954.
In evaluating the amount of the plaintiff’s damages the jury was evidently swayed by the contention that Whitfield. .would be incapacitated for the balance of his life from carrying on a useful occupation and that undoubtedly prompted the verdict of 25000/47675 of $10,000 or $5,243.84. We are inclined to the belief that, the verdict is excessive, and it is our duty to reduce it to what we consider a proper amount. Klein v. Medical Building Realty Co., La.App., 147 So. 122.
After considering all circumstances in connection with Whitfield’s injuries, including the claim that he lost a year’s wages, we believe that he has sustained damages in the sum of $15,000, and he is therefore entitled to recover from Pacific Indemnity Company 15000/33300 of $10,000 or $4,504.50.
Therefore, the amount, of the judgment appealed from is reduced to 15000/33300 of $10,000 or $4,504.50 and affirmed.
Amended and affirmed.